UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0298 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| DEON CAMERON WATKINS, | |
| Defendant. | |

Deon Cameron Watkins, defendant, pro se.

Defendant Deon Cameron Watkins pleaded guilty to one count of possession of fentanyl with intent to distribute and one count of carrying a firearm during and in relation to a drug-trafficking crime. On December 8, 2023, the Court sentenced Watkins to 124 months in prison. *See* J., ECF No. 71. Watkins did not appeal. (In his plea agreement, Watkins waived his right to appeal any non-jurisdictional issue other than the substantive reasonableness of a sentence above 144 months' imprisonment. *See* Plea Agreement and Sentencing Stipulations ¶ 14, ECF No. 50.)

This matter is now before the Court on Watkins's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, the Court denies the motion. Because the record conclusively demonstrates that Watkins is not entitled to relief, no hearing is necessary. *See* Rule 4(b) of the Rules Governing § 2255

Proceedings for the United States District Courts; 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Watkins devotes the vast majority of his brief to relitigating his unsuccessful motion to suppress. In that motion, Watkins had argued that police officers illegally searched him after encountering him a hotel room with an abducted child. *See* ECF No. 30. In a Report and Recommendation ("R&R"), Magistrate Judge David T. Schultz found that Watkins's Fourth Amendment rights had not been violated and recommended that his motion to suppress be denied. *See* ECF No. 35. After Watkins objected to the R&R, ECF No. 37, this Court reviewed the R&R de novo and adopted it, expressing agreement "with Judge Schultz's careful findings and thorough analysis," ECF No. 19 at 1. Watkins now seeks to use a § 2255 motion to litigate for a second time the legality of the search.

The biggest problem for Watkins in pursuing this ground for relief is that he explicitly gave up his right to do so in his plea agreement. *See* Plea Agreement ¶ 14 ("Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel."). Such a waiver is enforceable where, as here, the attack on the substance of the suppression ruling clearly falls within the scope of the waiver, Watkins stated on the record at his change-of-plea hearing that he knowingly and voluntarily entered into the plea agreement containing the waiver, and

the sentence imposed is neither illegal nor based on impermissible factors. *See, e.g., Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003).

Additionally, because "a collateral challenge may not do service for an appeal," *United States v. Frady*, 456 U.S. 152, 165 (1982), "a point not properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed legal error." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). As noted, Watkins did not appeal the order denying his suppression motion, and the fact that Watkins waived his right to appeal in his plea agreement (*see* Plea Agreement ¶ 14) does not amount to the type of cause that would allow him to raise the issue for the first time in a § 2255 motion. *See United States v. Jefferson*, No. 07–189(3) (JRT/JSM), 2011 WL 3837093, at *2 (D. Minn. Aug. 26, 2011) (rejecting defendant's "attempt[] through habeas to do what he cannot through appeal, since he waived his right to appeal a sentence" of the length imposed).

Finally, even setting aside the plea agreement, Watkins's guilty plea *itself* operated as "an admission of guilt that waive[d] all non-jurisdictional defects and defenses." *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). Nevertheless, for good measure, the plea agreement explicitly provided that Watkins was abandoning his

pre-plea motions, including the suppression motion that he now seeks to relitigate. *See* Plea Agreement ¶ 3 ("Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed."). In short, Watkins has—in multiple ways—given up the right to challenge the substance of the Court's ruling on his suppression motion.

Watkins also briefly raises ineffective assistance of counsel as a basis for relief, on the theory that his attorney failed to adequately argue that Watkins had a reasonable expectation of privacy in the hotel room in which law enforcement encountered and searched him.[1] To establish a claim of ineffective assistance, a petitioner must show both that his counsel's representation was objectively unreasonable and that, but for the error, there is a reasonable probability that the outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). An attorney's failure to raise a particular legal argument is outside the range of reasonable professional assistance only if there is "controlling legal authority that directly supported [the argument], or . . . controlling authority that 'clearly portend[s]' that such an argument would have been successful." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011) (quoting *Fields v. United States*, 201 F.3d 1025, 1028 (8th Cir. 2000)).

---

[1]Watkins also asserts that his attorney admitted at a hearing to being ineffective by relaying incorrect information in his briefing on Watkins's suppression motion. Watkins does not cite to any transcript or even identify the hearing at which his counsel allegedly made this admission, and the Court's review of the record has not turned up anything resembling what Watkins describes.

Watkins primarily contends that his counsel should have argued that Minnesota's hotel-guest-registry statutes, Minn. Stat. §§ 327.10–327.12, afforded an expectation of privacy in the hotel room in which he was searched. The Minnesota Supreme Court has ruled that the Minnesota Constitution prohibits law enforcement from conducting suspicionless reviews of hotel-guest registries, *see State v. Leonard*, 943 N.W.2d 149, 156–60 (Minn. 2020), but Watkins has not cited (and the Court has not found) any authority suggesting that statutes requiring hotels to maintain guest registries and to make those registries available for inspection by law enforcement, *see* Minn. Stat. §§ 327.10–12, somehow create a special expectation of privacy in a hotel room itself. Moreover, to the extent that Watkins takes issue with his lawyer's failure to develop facts showing that Watkins was the renter of the room (and thus had an expectation of privacy in it), such facts would not have mattered. Watkins did not lose his suppression motion because this Court found that he had no expectation of privacy in the hotel room; instead, the Court found that the police could lawfully enter the hotel room after encountering an abducted child coming out of that room *despite* any expectation of privacy held by Watkins. *See* R&R at 4 n.3. In short, Watkins's lawyer did not fail to make an argument that would have led to the granting of the suppression motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 73] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 20, 2024    s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court