UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0298 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| DEON CAMERON WATKINS, | |
| Defendant. | |

Defendant Deon Cameron Watkins is serving a 124-month sentence after being convicted of possessing fentanyl with intent to distribute and carrying a firearm during and in relation to a drug-trafficking crime. This matter is before the Court on Watkins's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a court to reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]"

Section 3582(c)(1)(A) permits a defendant to move for a sentence reduction only after he asks the Bureau of Prisons ("BOP") to bring the motion on his behalf. Specifically, a defendant may move for a sentence reduction only "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Watkins emailed the warden of his facility on September 20, 2025, requesting confirmation of the date on which he had previously asked the BOP to bring a motion for release on his behalf. ECF No. 82-1. Because it has been over 30 days since the warden presumably received this email (and therefore at least as long since Watkins emailed his initial request), the Court will assume that Watkins has met the requirements of § 3582(c)(1)(A).

Watkins's motion is nevertheless denied on the merits. Watkins has worked to better himself while incarcerated, and his efforts are commendable, but they do not provide "extraordinary and compelling reasons" to reduce his sentence. "[R]ehabilitation is supposed to be the rule, not the exception." *United States v. Logan*, 532 F. Supp. 3d 725, 739 (D. Minn. 2021) (citation omitted). Morever, there is nothing "extraordinary" about the conditions that Watkins is facing; many prisoners face the same or similar conditions. *See id.* at 730 (collecting cases describing the high standard for relief limited to "truly exceptional cases"); *see also United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("[W]e do not require a district court to make a specific rejoinder to every circumstance cited in support of a reduction.") (citation omitted). And finally, far from being unusually long, Watkins's sentence reflected a substantial downward variance. *See* ECF Nos. 65 at 3 (describing the agreed-upon statutory sentencing

guidelines range as a total of 144–65 months' imprisonment); 72 (statement of reasons for 124-month sentence).

Even if Watkins had provided "extraordinary and compelling reasons" to reduce his sentence, the Court would not reduce his sentence in light of "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Watkins committed serious crimes, and he has a serious criminal record. Having been convicted of felonies three times in the past—and knowing full well that he was prohibited from possessing a firearm—Watkins was found carrying a loaded, stolen firearm. And just five months after he had been arrested for selling drugs, Watkins was found distributing fentanyl, perhaps the most deadly drug in widespread use today. Setting Watkins free after he served only a small fraction of his 124-month sentence—and after he has served only about half of the *mandatory* 60-month sentence that he received just for the firearms offense—would not be consistent with § 3553(a).

For these reasons, Watkins's motion for compassionate release is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 82] is DENIED.

Dated:  December 23, 2025                          /s/ Patrick J. Schiltz
                                                                              Patrick J. Schiltz, Chief Judge
                                                                              United States District Court